[Civ. No. 33303. Second Dist., Div. Four. Nov. 20, 1969.]

GUY MARTIN YOUNG et al., Plaintiffs and Appellants, v. CONEJO VALLEY SANITARY CO. et al., Defendants and Respondents.

**COUNSEL**

C. B. Henrichsen, in pro. per., and Young & Henrichsen for Plaintiffs and Appellants.

O'Melveny & Myers, Allyn O. Kreps, Richard L. Jaeger, Hathaway, Soares, Clabaugh & Perrett, and E. E. Clabaugh, Jr., for Defendants and Respondents.

**OPINION**

**KINGSLEY, J.**—This is an action by plaintiffs as assignees of Vinton Hunnicott, doing business as H & L Construction Co. (H & L) against the Conejo Valley Sanitary Company (Conejo) and the City of Thousand Oaks (City), to recover the unpaid balance of a loan made by H & L to Conejo.

In 1965, H & L was engaged in subdividing and developing a tract of land in Ventura County. As a part of that project, H & L entered into an agreement with Conejo, under which Conejo was to construct, maintain and operate a sewage system to serve the subdivision. H & L agreed to loan to Conejo the money necessary to construct a main sewer line and Conejo agreed to repay that loan in annual installments measured by 22 percent of the revenue received by Conejo from monthly service charges imposed by Conejo on users of the sewer after deducting certain expenses set out in detail in the contract. By findings not here attacked, it has been determined that the total amount loaned under that agreement was $17,985.67, of which $15,385.48 remained unpaid when the present action was commenced.

The contract between H & L and Conejo also provided as follows: "In the event that the Main or any part thereof or a substantial portion of Sanitary

Co.'s Sewage facilities is transferred to any municipality, county, special district, political subdivision, public corporation, public agency or public utility (whether by the exercise of the power of eminent domain or condemnation, or otherwise) the loan shall become immediately due and payable, subject to payment in installments as hereinafter provided. The unpaid principal amount of the loan in such event shall not exceed that portion of the purchase price, condemnation award or other consideration received from such entity reasonably attributable to the Main or the portion thereof transferred. In the event that such consideration is payable to the then owner of the Main in installments, the loan may be likewise repaid in installments, each of which shall be due within thirty (30) days after receipt of an installment by such owner, and each of which shall be in an amount equal to the portion of that installment reasonably attributable to the Main or the portion thereof transferred. . . ."

On April 11, 1966, Conejo agreed with defendant City to sell to the City its entire sewerage system, for a consideration of $6,335,902 in cash, plus (inter alia) the assumption by the City of Conejo's obligation to H & L under the contract above discussed.

The findings of fact (not here attacked) recite that the figure of $6,335,902 was arrived at by first agreeing on a total value for all assets to be sold to the City of $6,664,665, subject to certain additions and deductions, one of such deductions being the unpaid amounts due from Conejo to H & L and to other subdividers having similar arrangements with Conejo.[1]

The sale from Conejo to the City became effective as of July 1, 1966. Plaintiffs demanded that the City pay to them the total of $15,385.48;[2] the

---

[1]The pertinent findings by the trial court were:

"7. Paragraph 2.05(b) of said 'Agreement For Sale of Conejo Valley Sanitary Co. Sewage, Collection and Treatment System' provided that the purchase price was $6,664,665, plus certain additions, and less certain deductions, one of which deductions was the total as of the date of the closing of the outstanding unrefunded principal amounts refundable by Conejo Valley Sanitary Company to holders of Main Extension Agreements.

"8. The $6,664,665 figure was arrived at on the basis of appraisals obtained by both parties to the said Agreement of the physical assets of the Conejo Valley Sanitary Company, which appraisals were not broken down so as to allocate values to any particular mains or tracts. The difference between the lump sum appraisal figures of each appraisal was adjusted by negotiation between said parties.

"9. Paragraph 4.03 of said 'Agreement For Sale of Conejo Valley Sanitary Co. Sewage, Collection and Treatment System' provided that the City would assume and perform all obligations of Conejo Valley Sanitary Company pursuant to said Main Extension Agreements."

[2]The prayer was for $15,785.67; counsel agreed at oral argument that the sum set forth in the text (which was the sum found by the trial court to be unpaid) was the amount actually involved.

City refused, contending that its obligation to plaintiffs was only to pay in installments according to the 22 percent formula. This action followed. The trial court held in favor of defendants. Plaintiffs have appealed; we reverse the judgment.

It is agreed that no evidence was offered or received in the trial court for the purpose of providing extrinsic evidence to aid in interpreting the two contracts. As a result, this court must construe them for itself. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839].)

The briefs, and the oral argument, covered numerous possible grounds for reversal. Because we conclude that, even if defendants' position is correct on the matters thus discussed, the judgment must be reversed on the ground hereinafter stated, we do not discuss or decide those interesting issues.

A reading of the face of the pertinent provisions of the contract between H & L and Conejo shows that, prima facie, the entire unpaid loan balance became due and payable upon a sale by Conejo of its sewerage system.[3] But, in an obvious recognition of the traditional difficulty of getting blood from a turnip, the absoluteness of the acceleration was subject to two ameliorating provisos:

(1) If Conejo sold its system on terms such that the portion of the purchase price allocated to the main sewer constructed with H & L's money was less than the unpaid loan balance, the debt was to be reduced pro rata;[4]

(2) If Conejo received payment for its system in installments, the due date of the loan balance was extended so that it also could be paid in installments, measured not by any percentage of earnings but by a formula under which H & L received out of each installment of the purchase price the proportion thereof allocable to the main sewer.[5]

---

[3] "In the event that the Main or any part thereof or a substantial portion of Sanitary Co.'s sewerage facilities is transferred to any municipality, county, special district, political subdivsion, public corporation, public agency or public utility (whether by the exercise of the power of eminent domain or condemnation, or otherwise) the loan shall become immediately due and payable, . . ."

[4] "The unpaid principal amount of the loan in such event shall not exceed that portion of the purchase price, condemnation award or other consideration received from such entity reasonably attributable to the Main or the portion thereof transferred."

[5] "In the event that such consideration is payable to the then owner of the Main in installments, the loan may be likewise repaid in installments, each of which shall be due within thirty (30) days after receipt of an installment by such owner, and each of which shall be in an amount equal to the portion of that installment reasonably attributable to the Main or the portion thereof transferred. . . ."

It is clear that the sale actually made was not one that fell within the scope of the sale envisaged by the draftsman. The contract contemplates payments running from the purchasing City to Conejo and then payments running from Conejo to H & L. But that is not what occurred. The parties are agreed that no portion of the $6,335,902 cash payment was ever allocated to the purchase of the sewer line herein involved. The unpaid balance of the loan was allocated in a different manner—namely the City agreed to pay that balance directly to H & L and not to Conejo.

As a result, the first proviso became inoperative, since the sale agreement obligated the City to pay, at some date, the entire unpaid loan balance. But, also as a result, the second proviso could not operate as originally contemplated. No installments of the total purchase price were ever to be paid by the City to Conejo and, as a result, no series of installment payments would arise to create a fund out of which H & L would be paid.

Plaintiffs contend that, under these circumstances, there was no "consideration payable *to the then owner of the Main* in installments" and that the proviso permitting installment payments to H & L never could become operative. The City, joined by Conejo, contends that the result was that the City's obligation to H & L was merely to make payments on the unpaid loan balance at the times and in the amounts that payments would have been made by Conejo had it not sold the system. That was the view of the trial court.[6] We reject it.

We regard it as immaterial that the sale actually made was made to a municipality that contemplated imposing sewer service charges. The contract between H & L and Conejo permitted Conejo to sell to "any municipality, county, special district, political subdivision, public corporation, public agency or public utility"; nothing in the contract obligated Conejo to sell to a purchaser that would secure the funds necessary to pay the purchase price in any particular manner. The purchasing public agency might raise those funds by a bond issue (general or revenue), by taxation, or by service charges, or by some combination of those methods. The contract does not tie the payments to H & L to any particular form of municipal financing. The installment payments, if any, are expressly not tied (as were Conejo's payments) to the earnings of the sewerage lines; they were tied to an event that never happened and never could happen—namely the payment of installments *to Conejo*.

---

[6]Finding No. 19 reads:

"19. The holders of Main Extension Agreements will be repaid by the City pursuant to the said Assumption in exactly the same amount and manner as they would have been repaid by Conejo Valley Sanitary Company had there been no sale or transfer of its sewage facilities to the City."

Since the only provision that ameliorated the absolute acceleration of the unpaid loan balance never arose, it follows that the debt of Conejo which the City assumed was a debt of the unpaid loan balance due and payable on the date the sale became effective.

The judgment is reversed.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied December 15, 1969, and respondents' petition for a hearing by the Supreme Court was denied January 14, 1970. Burke, J., was of the opinion that the petition should be granted.